No. 22454.

THE COLORADO FUEL AND IRON CORPORATION *v.* THE INDUSTRIAL COMMISSION OF COLORADO, AND STATE COMPENSATION INSURANCE FUND, AND ESTHER BENSIK, BARBARA BENSIK, A MINOR, BRUCE BENSIK, A MINOR, GEORGE E. BENSIK, A MINOR, AND BONNIE BENSIK, A MINOR.

(424 P.2d 382)

Decided March 6, 1967.

WELBOURN, DUFFORD & COOK, ELMER P. COGBURN, DAVID R. PHIPPS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error The Industrial Commission of Colorado.

HAROLD CLARK THOMPSON, ALIOUS ROCKETT, FRANCIS L. BURY, for defendant in error State Compensation Insurance Fund.

EDWARD J. SCHEUNEMANN, for individual defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

ON January 22, 1965, George Bensik, Jr., an employee of the plaintiff in error, The Colorado Fuel and Iron Corporation, died from asphyxiation caused by a sudden and unexpected lethal dose of carbon monoxide gas while attempting to repair a mechanical difficulty in one of his employer's blast furnaces.

The Industrial Commission awarded benefits under the Workmen's Compensation Act, C.R.S. 1963, 81-1-1, *et seq.*, and the award was affirmed by the district court. The employer brings writ of error here, contending that the exclusive remedy is under the Occupational Disease Disability Act, C.R.S. 1963, 81-18-1, *et seq.*

Bensik's exposure to carbon monoxide gas, in

relation to his regular employment, was not natural, but unnatural; not ordinary, but extraordinary; not usual, but unusual. Under such circumstances, this case falls squarely within the rule of *Colorado Fuel and Iron Corporation v. Industrial Commission,* 154 Colo. 240, 392 P.2d 174, and is therefore compensable as an accident rather than as an occupational disease. C.R.S. 1963, 81-2-9, enacted in its present form in April of 1963, does not affect the result in the instant case. This section provides that an occupational disease, whether listed or unlisted, shall not be compensated as an accident. This Court has always held this to be so. But, 81-2-9 does not provide that an *accident* shall ever be compensated as an occupational disease, nor does it change the traditional differences between accident and occupational disease which were pointed out by this Court in *Colorado Fuel and Iron Corporation v. Industrial Commission, supra.*

The Judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.